UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RODERICK M. FARLIN,

      Petitioner,

v.                                                      Case No.  4:15cv115/MW/CJK

JULIE L. JONES,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254, with incorporated memorandum.  (Doc. 1).  Respondent filed an answer, submitting relevant portions of the state court record.  (Doc. 16).  Petitioner has not replied, although invited to do so and granted an extension of time.  (Docs. 17, 19).[1] The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court

_____

[1] Petitioner's extended deadline for filing a reply expired on March 7, 2016.  (Doc. 19).

show that petitioner is not entitled to habeas relief, and that the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner, originally charged on May 17, 2010, was charged by second amended information filed in Leon County Circuit Court Case No. 10-CF-1413, with six counts of kidnapping to inflict bodily harm or terrorize (Counts I-VI), one count of aggravated assault with a deadly weapon (Count VII), one count of domestic battery (Count VIII), one count of violating a domestic violence injunction (Count IX) and one count of violating a pretrial release condition (Count X). (Doc. 16, Ex. A, pp. 11-12).[2] Following a jury trial, petitioner was found guilty of one count of kidnapping to inflict bodily harm or terrorize (Count I), five counts of false imprisonment (Count II-VI), and one count each of improper exhibition of a dangerous weapon (Count VII), domestic battery (Count VIII), and violating a domestic violence injunction (Count IX).[3] (Ex. A, pp. 50-65 (written verdict); Ex. C, pp. 262-263 (trial transcript)).

_____

[2]References to exhibits are to those provided at Doc. 16. If a page of an exhibit has more than one page number, the court's citation refers to the number appearing at the bottom right-hand corner of the page.

[3] The disposition of Count X is unclear, but irrelevant to the issues raised in the petition.

Petitioner was adjudicated guilty and sentenced to 215.025-month terms of imprisonment on the kidnapping and false imprisonment offenses and to 1-year terms of imprisonment on the remaining offenses, all to run concurrently. (Ex. A, pp. 69-78). On August 20, 2012, the Florida First District Court of Appeal (First DCA) affirmed the judgment, per curiam and without a written opinion. *Farlin v. State*, 95 So. 3d 218 (Fla. 1st DCA 2012) (Table) (copy at Ex. G).

On February 19, 2013, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which he supplemented on March 12, 2013. (Ex. S, pp. 130-193). On June 26, 2013, the state circuit court summarily denied relief without an evidentiary hearing. (Ex. T, pp. 194-364). Petitioner did not appeal.

On May 14, 2013, petitioner filed a *pro se* motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a), which he supplemented. (Ex. I, pp. 1-10). The state circuit court denied the motion on October 15, 2013. (Ex. I, pp. 25-223). The First DCA affirmed, per curiam and without a written opinion. *Farlin v. State*, 132 So. 3d 226 (Fla. 1st DCA 2014) (Table) (copy at Ex. J). The mandate issued March 5, 2014. (Ex. K).

On November 26, 2013, petitioner filed a *pro se* petition for writ of habeas corpus in the First DCA, alleging ineffective assistance of appellate counsel. (Ex.

L).  The First DCA summarily denied the petition on the merits on March 13, 2014.  *Farlin v. State*, 133 So. 3d 1211 (Fla. 1st DCA 2014) (copy at Ex. O).

On June 16, 2014, petitioner filed a second *pro se* motion for postconviction relief under Rule 3.850.  (Ex. P, pp. 1-18).  The state circuit court ruled on October 16, 2014, that the motion should be dismissed as an abuse of procedure because it raised claims that could have been included in petitioner's first motion.  (Ex. P, pp. 19-20 (*citing* Fla. R. Crim. P. 3.850(h))).  The circuit court ruled in the alternative that each claim was either procedurally barred or without merit.  (Ex. P, pp. 20-59).  The First DCA affirmed on January 27, 2015, per curiam and without a written opinion.  *Farlin v. State*, 156 So. 3d 1077 (Fla. 1st DCA 2015) (Table) (copy at Ex. Q).  The mandate issued February 24, 2015.  (Ex. R).

On November 7, 2014, petitioner filed a petition for writ of habeas corpus in the state circuit court.  (Ex. V, pp. 648-654).  The circuit court dismissed the petition on November 24, 2014, because it collaterally challenged petitioner's judgment and sentence and, if construed as a motion for postconviction relief under Rule 3.850, was untimely.  (Ex. V, p. 656-657).  The First DCA affirmed, per curiam and without a written opinion.  *Farlin v. State*, 184 So. 3d 520 (Fla. 1st DCA 2016) (Table).  The mandate issued February 24, 2016.

On December 29, 2014, petitioner filed a petition for relief in the First DCA, citing Fla. R. Crim. P. 3.140(g).  The First DCA construed the petition as a second habeas corpus petition alleging ineffective assistance of appellate counsel.  (Ex. Y, Ex. Z).  The First DCA denied the petition on April 1, 2015, citing Fla. R. App. P. 9.141(d)(5) and (d)(6)(C).[4]  *Farlin v. State*, 160 So. 3d 546 (Fla. 1st DCA 2015) (copy at Ex. AA).

Petitioner filed his federal habeas petition on February 24, 2015.  (Doc. 1).  The petition raises four claims:  (1) the trial court lacked personal jurisdiction over petitioner as to Count I because he was not named in that charge; (2) Florida's false imprisonment statute was unconstitutionally applied to him because the evidence was insufficient to convict of that offense; (3) the State committed fraud on the court by violating Fla. R. Crim. P. 3.140(g); and (4) the State failed to properly charge aggravated assault because the information failed to allege all the essential elements of that crime.  (Doc. 1).  Respondent asserts that all of petitioner's claims fail for one or more of the following reasons: (1) the claim is without merit, (2) the claim is procedurally barred, (3) the claim is not cognizable on federal habeas review.  (Doc. 16).

---

[4] Rule 9.141(d)(5) imposes a 2-year time limitation on habeas corpus petitions alleging ineffective assistance of appellate counsel.  Rule 9.141(d)(6)(C) bars the filing of a second or successive habeas corpus petition "if it does not allege new grounds and the prior determination was on the merits, or if a failure to assert the grounds was an abuse of procedure."

RELEVANT LEGAL PRINCIPLES

<u>Exhaustion and Procedural Default</u>

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. A claim that was not presented to the state court and can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.,* procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848; *Hittson v. GDCP Warden*, 759 F.3d 1210, 1260 n.56 (11th Cir. 2014) ("Where a return to state court would be futile – because the petitioner's claims would clearly be barred by state procedural rules – a federal court can 'forego the needless judicial ping-pong' and treat unexhausted claims as procedurally defaulted." (*quoting Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998)));

*Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts).

A claim is also considered procedurally defaulted if it was presented to the state court but rejected on the independent and adequate state ground of procedural bar or default. *Maples v. Thomas*, 565 U.S. 266, 280, 132 S. Ct. 912, 181 L. Ed. 2d 807 (2012) ("As a rule, a state prisoner's habeas claims may not be entertained by a federal court when (1) a state court [has] declined to address [those] claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." (alterations in original) (internal quotation marks and citations omitted)); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the state rule must be "firmly established and regularly followed," *Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001), or in a manifestly unfair manner. *Ford v.*

*Georgia*, 498 U.S. 411, 424-25, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

A petitioner seeking to overcome a procedural default must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991); *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*citing Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). This standard is very difficult to meet:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 327.  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Id.*

<u>Section 2254 Standard of Review</u>

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19. Section 2254(d) provides, in relevant part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[5] The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court

---

[5]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

decision embodies the legal principle at issue. *Thaler v. Haynes*, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); *Woods v. Donald*, — U.S. —, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law. *See Woods*, 135 S. Ct. at 1377 (holding, as to claim that counsel was *per se* ineffective in being absent from the courtroom for ten minutes during testimony concerning other defendants: "Because none of our cases confront

the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)).  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.  *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam).  In applying this standard, the Supreme Court has emphasized:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong.  Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington, supra*, at 102-103, 131 S. Ct. 770 (internal quotation marks omitted).

*Woods*, 135 S. Ct. at 1376 (*quoting Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding.  *See Gill v. Mecusker*, 633 F.3d 1272, 1292 (11th Cir. 2011).  As with the "unreasonable application" clause, the federal court applies an objective test.  *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.").  Federal courts "may not characterize . . . state-court factual determinations as unreasonable merely because we would have reached a different conclusion in the first instance."  *Brumfield v. Cain*, — U.S. —, 135 S. Ct. 2269, 2277, 192 L. Ed. 2d 356 (2015) (quotation marks omitted).

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct.  28 U.S.C. § 2254(e)(1).

The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and § 2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. at 954. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If

this standard is difficult to meet, that is because it was meant to be." *Richter*, 562

U.S. at 102.

DISCUSSION

Ground One          "Lack of jurisdiction in personam"  (Doc. 1, p. 5 in ECF).

Petitioner's first claim contends:

> Since no one is named as committing the crime in the first count, the district court had no jurisdiction in personam to try Farlin. Undoubtedly it was intended by the phrase "hereafter called said defendant" in the first count that the words "said defendant" would be inserted before the words "did unlawfully" etc., of the first count.  The trial court cannot supply the omission and thus create jurisdiction, nor can the defendant in effect indict himself.

(Doc. 1, p. 5 in ECF).  The parties agree that petitioner presented this claim to the

state courts as Ground Two of his second Rule 3.850 motion.  (Doc. 1, pp. 5-6 in

ECF; Doc. 16, p. 12; *see also* Ex. P, pp. 7-10).

At the outset of its written order, the state circuit court ruled that petitioner's

motion was procedurally barred as successive:

> Defendant previously filed a Motion for Postconviction Relief and Supplemental Motion for Postconviction Relief raising several ineffective assistance of counsel claims that were denied on the merits. *Exh. 1 – 2/26/13 Motion; Exh. 2 – 3/18/13 Supplemental Motion; Exh. 3 – 2/26/13 Order (w/o attachments)*.  The instant motion alleges new grounds that were not raised in the prior motions.  The Court finds that Defendant's failure to raise these grounds in the prior motions constitutes an abuse of procedure, and further finds that there is no good cause for Defendant's failure to raise the grounds in the prior motions. Fla. R. Crim. P. 3.850(h).    Accordingly,  the  motion  should  be

dismissed. *Id*. However, because Defendant raises claims of lack of jurisdiction, fundamental error and manifest injustice in an attempt to bypass the procedural bar against successive motions, in an abundance of caution the Court will address the claims.

(Ex. P, pp. 19-20). The circuit court then set forth this alternative analysis why petitioner's claim should be rejected:

> Defendant next alleges that the Court lacked jurisdiction to try him on Count I because the State failed to include his name in the body of the charge for that count. To the contrary, the charging document charges Defendant with each offense, including Count I, following the requirements set forth in Florida Rule of Criminal Procedure 3.140. Fla. R. Crim. P. 3.140. In the Second Amended Information filed June 6, 2011, although Defendant's name does not appear in Count I, his name appears in the style of the case and the first paragraph refers to "the above-named defendant" being charged with the offenses, which are then listed separately. *Exh. 4 – Second Amended Information*.

(Ex. P, p. 20). The First DCA summarily affirmed. (Ex. Q).

Respondent's answer makes the general statement that she "asserts all available procedural bars", (doc. 16, pp. 1, 9), but respondent's individual briefing of Ground One does not argue a procedural default defense or mention the circuit court's ruling that petitioner's motion was procedurally barred as successive. (Doc. 16, pp. 11-13). Instead respondent argues that petitioner's claim should be denied on the merits because the state court's rejection of the claim was not contrary to clearly established Supreme Court precedent, did not involve an unreasonable application of Supreme Court precedent, and was not based on an unreasonable

determination of the facts.  (Doc. 16, p. 12-13).  Given the lack of briefing on the procedural default issue, the court will not consider it.

Assuming to petitioner's benefit (without deciding) that the First DCA resolved his claim on the merits, he is not entitled to federal habeas relief.  The relevant decision for purposes of 28 U.S.C. § 2254 is the First DCA's summary affirmance, which is the final state court adjudication of petitioner's claim.  *See Wilson v. Warden, Ga. Diagnostic Prison*, 834 F.3d 1227, 1235 (11th Cir. 2016) (defining the relevant decision for purposes of § 2254 review as the state appellate court's summary affirmance of the lower tribunal's decision), *petition for cert. filed*, No. 16-6855 (U.S. Nov. 15, 2016).

Where, as here, "the last adjudication on the merits provides no reasoned opinion, federal courts review that decision using the test announced in *Richter*." *Wilson*, 834 F.3d at 1235.  The *Richter* test provides that "[w]here a state court's decision is unaccompanied by an explanation," a petitioner's burden under section 2254(d) is to "show[ ] there was no reasonable basis for the state court to deny relief." *Richter,* 562 U.S. at 98.  "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those

arguments or theories are inconsistent with the holding in a prior decision of [the] Court." *Id.* at 102.

Under the *Richter* test, petitioner must establish there was no reasonable basis for the First DCA to affirm the denial of his claim. In reviewing the reasonableness of the First DCA's decision, this court may, but is not required to, look to the reasoning of the state court below (the state circuit court). The Eleventh Circuit explained in *Wilson*:

> When the reasoning of the state trial court was reasonable, there is necessarily at least one reasonable basis on which the state [appellate] court could have denied relief and our inquiry ends. In this way, federal courts can use previous opinions as evidence that the relevant state court decision under review is reasonable. But the relevant state court decision for federal habeas review remains the last adjudication on the merits, and federal courts are not limited to assessing the reasoning of the lower court.

834 F.3d at 1239.

The state circuit court's reasoning provides a reasonable basis on which the First DCA could have denied relief on petitioner's claim. Respondent has provided a copy of the initial, amended and second amended informations. (Ex. A, pp. 7-8, 9-10, 11-12). All three charging documents identify petitioner as the <u>sole</u> defendant and include, in the caption, petitioner's name, race, gender, date of birth, and Social Security number. (*Id.*, pp. 7, 9, 11). The operative portion of each charging document begins with this declaration:

IN THE NAME OF AND BY THE AUTHORITY OF THE STATE
OF FLORIDA:

> WILLIAM N. MEGGS, State Attorney for the Second Judicial
> Circuit of the State of Florida, charges that in Leon County, Florida, the
> above-named defendant(s):

(*Id.*, pp. 7, 9, 11).  In the initial information, nine counts followed; in the amended

informations, ten counts followed.  (*Id.*, pp. 7-12).  Petitioner has never claimed that

the identifying information was insufficient or inaccurate, only that his name had to

be repeated in each count, despite the fact that he was the only defendant named in

the charging document.  The First DCA's decision in this case was not contrary to

or an unreasonable application of clearly established federal law, because no

Supreme Court precedent establishes that the Constitution requires an otherwise

properly identified defendant to be re-named in each count.  Similarly, no Supreme

Court precedent establishes that the Constitution is violated by referring to the sole

accused defendant as the "above-named defendant" before listing one or more

specific charges.  No decision of the Supreme Court suggests that the charging

document in this case was unconstitutional.  *See Wright v. Van Patten*, 552 U.S. 120,

126, 128 S. Ct. 743, 169 L. Ed. 2d 583 (2008) ("Because our cases give no clear

answer to the question presented, let alone one in [the petitioner's] favor, it cannot

be said that the state court unreasonably applied clearly established federal law.");

*Schriro v. Landrigan*, 550 U.S. 465, 478, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007)

(The Arizona Supreme Court did not unreasonably apply federal law because "we have never addressed a situation like this."); *Reese v. Sec'y, Fla. Dep't of Corr.*, 675 F.3d 1277, 1287-88 (11th Cir. 2012) ("The Supreme Court has reiterated, time and again, that, in the absence of a clear answer – that is, a holding by the Supreme Court – about an issue of federal law, we cannot say that a decision of a state court about that unsettled issue was an unreasonable application of clearly established federal law.").

The state court's rejection of petitioner's claim was not contrary to and did not involve an unreasonable application of clearly established federal law as determined by the Supreme Court. Nor was the decision based on an unreasonable determination of the facts. Petitioner is not entitled to federal habeas relief on Ground One.

Ground Two          "False imprisonment statute unconstitutionally applied" (Doc. 1, p. 7 in ECF).

Petitioner's next ground for relief reads: "[T]he evidence was insufeceint [sic] § 787.02(1)(a) Fl. Stat. to the fact's [sic] of defendant case did not justify the infringement of defendant substantive rights under Due Process." (Doc. 1, p. 7 in ECF). The parties agree that petitioner presented this claim to the state courts as Ground One of his second Rule 3.850 motion. (Doc. 1, p. 7 in ECF; Doc. 16, pp. 13-14; *see also* Ex. P, pp. 3-6). The state circuit court denied relief, ruling, as quoted

above, that petitioner's motion was procedurally barred by Florida's prohibition on successive postconviction motions. (Ex. P, pp. 19-20). The court further ruled that this particular claim was also "procedurally barred as it could have and should have been raised on direct appeal." (Ex. P, p. 20). The First DCA summarily affirmed. (Ex. Q).

Respondent asserts that this claim is procedurally defaulted because the state court rejected the claim on the independent and adequate state procedural ground that the claim should have been raised on direct appeal. (Doc. 16, pp. 13-14). The Supreme Court has held that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary. The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Richter*, 562 U.S. at 99-100 (*citing Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991)). The *Richter* Court's reference to *Ylst*, was to this portion of the opinion:

> Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground. If an earlier opinion "fairly appear[s] to rest primarily upon federal law," *Coleman*, 501 U.S., at 740, 111 S. Ct., at 2559, we will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the

judgment or its consequences in place.  <u>Similarly where, as here, the</u> <u>last reasoned opinion on the claim explicitly imposes a procedural</u> <u>default, we will presume that a later decision rejecting the claim did not</u> <u>silently disregard that bar and consider the merits.</u>

*Ylst*, 501 U.S. at 803 (emphasis added).

Respondent has rebutted the *Richter* presumption by demonstrating that Florida law and the circumstances of this case make it more likely that the First DCA rejected petitioner's claim on an independent state procedural ground as opposed to the merits.  Under Florida law, a claim is procedurally barred from being raised on collateral review if it "could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."  Fla. R. Crim. P. 3.850(c); *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009) ("Florida law bars claims in a state post-conviction proceeding that could have been raised on direct appeal."); *Smith v. State*, 453 So. 2d 388, 389 (Fla. 1984) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack.").  Challenges to the constitutionality of a statute or to the sufficiency of the evidence to support a conviction are direct appeal claims that are procedurally barred in collateral proceedings.  *Floyd v. State*, 808 So. 2d 175, 181 nn.8, 9 (Fla. 2002) (holding that defendant's challenge to the constitutionality of the death penalty statute was procedurally barred on collateral review because the issue could have been raised on direct appeal (*citing Harvey v. Dugger*, 656 So. 2d 1253

(Fla. 1995)); *Smith v. State*, 41 So. 3d 1037, 1040 (Fla. 1st DCA 2010) ("[C]laims of insufficient evidence have long been held to be procedurally barred in collateral proceedings." (*citing Burr v. State*, 518 So. 2d 903, 905 (Fla.1987))).

The state circuit court denied relief solely on procedural grounds and did not alternatively address the merits. Based on these circumstances, it is almost certain that the First DCA rejected petitioner's claim on the independent state procedural ground that even if not successive, petitioner's claim was barred by his failure to raise it at trial and on direct appeal. The state procedural bar is adequate to support the judgment. *See LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 n. 25 (11th Cir. 2005) ("This Court has already concluded that the procedural requirements of Florida's Rule 3.850 constitute independent and adequate state grounds under the applicable law." (*citing Whiddon v. Dugger*, 894 F.2d 1266, 1267-68 (11th Cir. 1990))). Petitioner has made none of the requisite showings to excuse his procedural default. Petitioner's procedural default bars federal habeas review of Ground Two.

<u>Ground Three</u>        "Fraud on the court based on Fl. R. Crim. P. 3.140(g)"  (Doc. 1, p. 8 in ECF).

Petitioner alleges in support of this claim:  "Where no material witness testimony exist [sic] to support the alleged State's information, as it alleges under oath is believed a violation of Fla. Statute 817.39(1) has occurred as well as fraud

on the court." (Doc. 1, p. 8 in ECF). Respondent asserts this claim raises a purely state law issue and is not cognizable on federal habeas review. (Doc. 16, pp. 15-17).

Petitioner objects to the information on the ground that the assistant state attorney did not first receive testimony under oath from the material witness, as required by Florida Rule of Criminal Procedure 3.140(g). Federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed. 2d 385 (1991) (holding that errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief; "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Barclay v. Florida*, 463 U.S. 939, 958-59, 103 S. Ct. 3418, 3429, 77 L. Ed. 2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted). "The writ of habeas corpus was not enacted to enforce State-created rights." *Cabberiza v. Moore*, 217 F.3d

1329, 1333 (11th Cir. 2000) (citation and quotation marks omitted); *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) ("Questions of state law [and procedure] rarely raise issues of federal constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'") (*quoting Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983)).  Petitioner's claim is not one of constitutional dimension – it raises a purely state law issue.  Petitioner's Ground Three provides no basis for federal habeas relief.

Ground Four          "Fundamental error.  State did not properly charge aggravated assault"  (Doc. 1, p. 10 in ECF).

Petitioner alleges the following in support of this claim:  "[I]nformation failed to allege the essential elements of aggravated assault charge."  (Doc. 1, p. 10 in ECF).  Respondent asserts this claim is procedurally defaulted, because the state court rejected the claim on the independent and adequate state procedural ground that the claim should have been raised on direct appeal.  (Doc. 16, pp. 17-19).

Petitioner presented this claim to the state courts as Ground Four of his second Rule 3.850 motion.  (Ex. P, pp. 12-13).  The state circuit court denied relief, ruling, as quoted above, that petitioner's motion was procedurally barred as successive.  (Ex. P, pp. 19-20).  The court also ruled that this particular claim was subject to another procedural bar, namely:

Finally, Defendant alleges a claim of fundamental error in that the State did not properly charge him with aggravated assault (Count VII) in the Second Amended Information, and that therefore, the Court erred in giving the aggravated assault jury instruction. Neither of these claims is cognizable under Rule 3.850, which does not authorize relief based on grounds that could have and should have been raised on direct appeal. Fla. R. Crim. P. 3.850(c).

(Ex. P, p. 21). The First DCA summarily affirmed. (Ex. Q).

This court lacks subject-matter jurisdiction to consider petitioner's claim because petitioner is not in custody under a conviction for aggravated assault. A federal district court may entertain a habeas corpus petition only from a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). This "in custody" requirement is jurisdictional. *Stacey v. Warden, Apalachee Corr. Inst*., 854 F.2d 401, 403 (11th Cir. 1988). "Section 2241 also requires a close relationship between the state's custody and the alleged constitutional violation. Specifically, a person must be in custody 'under the conviction or sentence under attack at the time his petition is filed.'" *Howard v. Warden*, 776 F.3d 772, 776 (11th Cir. 2015) (*quoting Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989)). Petitioner is not in custody under a conviction for aggravated assault. Although petitioner was charged with that crime, he was convicted for the lesser included offense of improper exhibition of a dangerous weapon. (Ex. A, pp. 62, 69). Petitioner does not assert

that the information failed to allege the essential elements of the lesser crime for which he was convicted and is in custody. This court is without jurisdiction to review the issue raised in Ground Four.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to

this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.   That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Roderick Farlin*, Leon County Circuit Court Case No. 10-CF-1413, be DENIED.

2.   That the clerk be directed to close the file.

3.   That a certificate of appealability be DENIED.

At Pensacola, Florida this 2nd day of March, 2017.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.